# Third District Court of Appeal

## State of Florida

Opinion filed February 28, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2116
Lower Tribunal No. 21-41565 SP
_____

**Indoor Environmental Restoration Now, Inc., etc.,**
Appellant,

vs.

**Citizens Property Insurance Corporation,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Chiaka Ihekwaba, Judge.

Tyler Law Firm, and Ryan C. Tyler, for appellant.

Methe & Rothell, P.A., and Kristi Bergemann Rothell (West Palm Beach), for appellee.

Before MILLER, GORDO and BOKOR, JJ.

PER CURIAM.

Affirmed. <u>See</u> § 627.7152(2)(a)7., Fla. Stat. (2021) (providing that an assignment agreement must "[c]ontain a provision requiring the assignee to indemnify and hold harmless the assignor from all liabilities, damages, losses, and costs, including, but not limited to, attorney fees, should the policy subject to the assignment agreement prohibit, in whole or in part, the assignment of benefits"); <u>id.</u> (2)(d) ("An assignment agreement that does not comply with this subsection is invalid and unenforceable."); <u>Fallstaff Grp., Inc. v. MPA Brickell Key, LLC</u>, 143 So. 3d 1139, 1143 (Fla. 3d DCA 2014) (reversing award of attorneys' fees to assignee in indemnification action where "the indemnification provision at issue does not by its terms provide for [the assignee's] recovery of fees and costs incurred in seeking indemnification"); <u>MVW Mgmt., LLC v. Regalia Beach Devs. LLC</u>, 230 So. 3d 108, 113 (Fla. 3d DCA 2017) ("[A] party to a contract cannot use an indemnity clause to shift attorney fees between the parties unless the language of the clause shows an intent to clearly and unambiguously shift the fees." (quoting <u>NevadaCare, Inc. v. Dep't of Human Servs.</u>, 783 N.W.2d 459, 471 (Iowa 2010))).